Filed 2/2/26  P. v. Izquierdo CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B336113 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA029114-01) |
| v. | |
| HERMINIO IZQUIERDO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Reversed and remanded with directions.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Herminio Izquierdo's 1998 sentence for three criminal offenses included two stayed one-year prior-prison-term sentence enhancements under Penal Code section 667.5, former subdivision (b). In 2023, following the enactment of Penal Code section 1172.75, the trial court struck the two prior-prison-term enhancements but declined to hold a full resentencing hearing because the enhancements had been stayed in the original judgment. On appeal, Izquierdo contends, and the People concede, Izquierdo is entitled to a full resentencing because Penal Code section 1172.75 applies to enhancements imposed as part of the defendant's original judgment, regardless of whether the enhancement was stayed or executed. We reverse and remand for the trial court to conduct a full resentencing.

## BACKGROUND

In 1998, Izquierdo was convicted of first degree residential burglary (Pen. Code, § 459) (count 1), attempted first degree residential burglary (Pen. Code, §§ 664/459) (count 3), and evading an officer (Veh. Code, § 2800.2, subd. (a) (count 5)). He admitted two strike priors (Pen. Code, §§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)), which were also alleged as serious felony priors (Pen. Code, § 667, subd. (a)(1)) and two prior prison terms (Pen. Code, § 667.5, former subd. (b)).

The trial court sentenced Izquierdo to 25 years to life in state prison on each of the three counts, with the sentences on counts 3 and 5 to be served concurrently with the sentence on count 1. The court imposed two consecutive five-year terms for the two serious felony priors, and it imposed but stayed two one-year sentences for the two prior prison terms.

In 2023, Izquierdo requested a full resentencing. On December 11, 2023, the trial court struck the two stayed one-year prior-prison-term enhancements but denied, without prejudice, Izquierdo's request for a full resentencing. The court did not recalculate Izquierdo's presentence custody credits.

Izquierdo appeals.

## DISCUSSION

"Before 2020, the Penal Code instructed criminal sentencing courts to 'impose a one-year term for each prior separate prison term or county jail term' the defendant had previously served for a felony. (Pen. Code, § 667.5, former subd. (b), added by Stats. 1976, ch. 1139, § 268, pp. 5137, 5138 and amended by Stats. 2011, ch. 15, § 442.) Effective January 1, 2020, the Legislature eliminated these one-year prior-prison-term enhancements except in cases involving prior terms for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) Two years later, the Legislature made the change retroactive. (Stats. 2021, ch. 728, §§ 1, 3.) In Penal Code section 1172.75, the Legislature declared that, aside from enhancements imposed for sexually violent offenses, '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to' Penal Code 667.5, subdivision (b) 'is legally invalid.' (Pen. Code, § 1172.75, subd. (a), added by Stats. 2021, ch. 728, § 3.) In the same provision, the Legislature established a mechanism for resentencing individuals 'currently serving a term for a judgment that includes' such an enhancement. (Pen. Code, § 1172.75, subd. (b).)" (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1053–1054 (*Rhodius*).)

3

At the time of the trial court's decision and the original briefing in this matter, there was a split in authority over whether Penal Code section 1172.75 applies to enhancements that were imposed but stayed as part of the defendant's original judgment. However, the Supreme Court has subsequently ruled that "Penal Code section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

In light of the *Rhodius* decision, the People concede, and we agree, that Izquierdo is entitled to a full resentencing. As Izquierdo's actual presentence custody credits must be recalculated at this resentencing (*People v. Sek* (2022) 74 Cal.App.5th 657, 673; *People v. Buckhalter* (2001) 26 Cal.4th 20, 29, 37), we need not address Izquierdo's remaining argument, also conceded by the People, that the trial court erred when it failed to recalculate his presentence custody credits at the December 11, 2023 resentencing hearing.[1]

---

[1] We deny Izquierdo's November 20, 2024 request for judicial notice of the Los Angeles Superior Court Registry for this matter because the registry is not necessary to resolve the issue presented on appeal.

## DISPOSITION

The order denying Izquierdo's request for resentencing is reversed, and the matter is remanded for the trial court to conduct a full resentencing in accordance with Penal Code section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to recalculate Izquierdo's presentence custody credits and prepare and transmit a new abstract of judgment to the California Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

SCHERB, J.